Case No. 22-55831

# In the United States Court of Appeals for the Ninth Circuit

WARZONE.COM, LLC,

*Appellant*,

v.

ACTIVISION PUBLISHING, INC.,

*Appellee*.

On Appeal from
The United States District Court
For the Central District of California
Case No. 2:21-cv-03073-FLA-JC
The Honorable Judge Fernando L. Aenlle-Rocha

**APPELLANT'S SUPPLEMENTAL BRIEF ADDRESSING THE IMPACT OF *JACK DANIEL'S PROPERTIES, INC. V. VIP PRODUCTS LLC*, 599 U.S. 140 (2023), ON THIS APPEAL**

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Brett@iLawco.com
Roberto@iLawco.com
Michael@iLawco.com

# Table of Contents

ARGUMENT ................................................................................................4

   *I.  THE ROGERS ANALYSIS USED IN THE DECISION IS NOW NO LONGER APPLICABLE* ................................................................................5

   *II.  APPELLEE NOW HAS NO BASIS FOR ARGUING THAT THE COUNTERCLAIMS ARE INSUFFICIENTLY PLEADED* ..............................10

CONCLUSION .........................................................................................13

CERTIFICATE OF COMPLIANCE.........................................................14

# Table of Authorities

**Cases**

*AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979) ..................................6, 7

*Brown v. Entmt. Merchants Ass'n*, 564 U.S. 786 (2011) ............................................7

*Diece-Lisa Indus, Inc. v. Disney Store USA, LLC,*
    No. 21-55816, 2023 WL 5541556 (9th Cir. Aug. 25, 2023)..............................11

*Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023) ..... passim

*Punchbowl, Inc. v. AJ Press*, LLC, 52 F.4th 109 (9th Cir. 2022)........................10, 11

*Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) ............................................ passim

On October 5, 2023, this Court ordered the parties to brief "the impact of *Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023), and whether this case should now be remanded to the district court for further consideration under *Jack Daniel's*." ECF 50. Appellant Warzone.com, LLC ("Appellant") respectfully submits that because the Supreme Court in *Jack Daniel's* held that the analysis pursuant to *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), used by the district court is "not appropriate" where "the accused infringer has used a trademark to designate the source of its own goods," the district court's decision (the "Decision") dismissing Appellant's counterclaims as a matter of law without leave to amend should be reversed and/or the Decision vacated and this case remanded for further proceedings.

## ARGUMENT

*Jack Daniel's* has at least the following two impacts on this case. *First*, it makes clear that the *Rogers* analysis at the heart of the Decision is no longer applicable. *Second*, without the *Rogers* framework, Appellee has presented no basis upon which Appellant's counterclaims should be dismissed.

## I. THE ROGERS ANALYSIS USED IN THE DECISION IS NOW NO LONGER APPLICABLE

The district court analyzed Appellant's counterclaims, which all proceed on a reverse confusion theory, using the framework outlined in *Rogers*. (Excerpts of Record ("ER") at 7-11). After *Jack Daniel's*, though, the application of *Rogers* is no longer correct in this case.

*Jack Daniel's* directs that when a lower court is presented with a case involving marks used as source identifiers, the correct analytical framework is the likelihood of confusion analysis—not the First Amendment-based analysis articulated in *Rogers* and expanded over the ensuing decades. *Jack Daniels*, 599 U.S. at 153 ("Without deciding whether *Rogers* has merit in other contexts, we hold that *it does not* when an alleged infringer uses a trademark in the way the Lanham Act most cares about: as a designation of source for the infringer's own goods.") (emphasis added). The gravamen of Appellant's counterclaims is that Appellee improperly adopted Appellant's WARZONE™ mark and flooded the market with Appellee's infringing "Warzone" mark to designate Appellee, rather than Appellant, as the source of the video games at issue, infringing Appellant's senior rights in the WARZONE™ mark and causing confusion as to source. ER 26-31. In assessing Appellant's counterclaims, the district court also recognized that Appellant's counterclaims were grounded in Appellee's use of "Warzone" as a source-identifying mark because Appellant had alleged that "given the popularity of the Call of Duty

franchise, [Appellee]'s use of WARZONE has saturated the market in a manner that has overwhelmed [Appellant] Warzone.com." ER 5.

However, when the district court analyzed Appellant's counterclaims in August 2022, *Rogers* and its progeny provided the prevailing analytical framework. Therefore, rather than undertaking any likelihood of confusion analysis, the district court pivoted to *Rogers*, determining that "when a trademark is included in an expressive work, the protections afforded under trademark laws must also be balanced against broader First Amendment concerns." ER 7 ("The *Rogers* test squarely applies here."). The Decision thus did not consider the likelihood of confusion factors under Ninth Circuit precedent, *see, e.g.*, *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), including, *inter alia*, the identity of the marks at issue and the proximity in the market of the video games to which the competing marks are applied; instead, upon determining that Appellee's mark was "expressive" (ER 7), the district court assessed whether Appellee's use had "artistic relevance" (*id.* 8-9) and whether Appellant had sufficiently alleged that Appellee's use was "explicitly misleading" to consumers *Id.* 9-11. Using *Rogers*, the district court concluded that Appellant had not adequately pleaded that Appellee's allegedly infringing "Warzone" mark was "explicitly misleading" and dismissed Appellant's counterclaims as a matter of law—without discovery and without leave to amend. *Id*. 10-12.

The Supreme Court has undercut the district court's complete reliance on *Rogers* because the holding of *Jack Daniel's* is that "the infringement issue"—not the First Amendment expression issue—"is the more substantial" in a case like this one involving the use of a trademark as a source identifier. *Jack Daniel's*, 599 U.S. at 145. The Supreme Court recognized that virtually any mark can include "expression," in which case *Rogers* "might take over much of the world" and "provide a shortcut to dismissal" of trademark infringement claims. *Id*. at 128.

What the Supreme Court admonished against is precisely what has happened in this case. Rather than apply the *Sleekcraft* factors to assess Appellant's counterclaims, the district court concluded that, the Supreme Court having previously recognized that video games "are subject to First Amendment protection,"[1] Appellee's use of "Warzone" was "expressive" and then proceeded directly to a *Rogers* analysis. ER 8. In *Jack Daniel's*, however, the Supreme Court made clear that the infringement issue is the "more substantial" one to be decided. The Decision's *Rogers*-based analysis, resulting in a "shortcut to dismissal" of Appellant's counterclaims, is no longer the correct standard after *Jack Daniel's*.

The district court determined that Appellant agreed that *Rogers* applied (ER 7-8), but that determination lacks context and should not stand following *Jack*

---

[1] The Supreme Court case cited in the Decision, *Brown v. Entmt. Merchants Ass'n*, 564 U.S. 786 (2011), had nothing to do with the Lanham Act or trademark infringement; *Brown* was squarely a First Amendment case involving labeling requirements for violent video games.

7

*Daniel's*. As Appellee stated, prior to *Jack Daniel's*, "[f]or more than two decades," this Circuit applied *Rogers* (Answering Br. at 15) where "expressive content" was at issue. Appellant's position with respect to *Rogers* was not so much agreement that *Rogers* was the correct analytical framework as much as resignation to the state of the law prior to *Jack Daniel's*. ER 8 (quoting Appellant's position that "video games *may qualify* as 'artistic works' subject to the application of *Rogers*") (emphasis added). In fact, in its Opening Brief, Appellant argued that *Rogers* did *not* provide a clear framework for reverse confusion cases, in which the junior user (Appellee) inundates the market with its infringing mark to obliterate the trademark rights of the senior user (Appellant). Opening Br. at 25-26. Rather than agreeing to the mechanical application of *Rogers*, Appellant urged this Court to refashion or clarify *Rogers* to address the fact that this case involves reverse confusion, for which *Rogers* was ill-suited. *Id*.

In any event, the Supreme Court in *Jack Daniel's* stated explicitly that it was "dramatically part[ing] ways" with this Circuit's "automatic" application of *Rogers* and reordering the analytical priorities. *Jack Daniel's*, 599 U.S. at 157-58. Instead of determining the "expressive" nature of the marks at issue, the Supreme Court directed that, where marks operate as source identifiers, *Rogers* cannot supplant a likelihood of confusion analysis. *Jack Daniel's*, 599 U.S. at 163 ("[W]e hold only that *Rogers* does not apply when the challenged use of a mark is as a mark.").

Appellant has pleaded that Appellee's use of "Warzone" improperly identifies Appellee as the source of the marked games—infringing Appellant's senior rights to use WARZONE™ as an identifying mark for Appellant's games, thereby causing confusion. ER 26, ¶ 23 ("[Appellant's] adoption of the WARZONE Mark . . . has saturated the market with an identical mark in a manner that has overwhelmed [Appellant], the senior user."; *see also* ER 21-26, ¶¶ 10-22). To the extent that, prior to *Jack Daniel's*, Appellant was forced to acknowledge that the law in this Circuit applied *Rogers* to expressive or artistic work, even in the trademark context, that is not the law since *Jack Daniel's*. Given: (A) how clearly Appellant has pleaded that Appellee's widespread use of "Warzone" is as an infringing source identifier that is likely to cause and has caused consumers to confuse Appellant's WARZONE™-branded games with Appellee's, and (B) the Supreme Court's instruction that, in such a case, *Rogers* has no applicability, there is no legal basis upon which to affirm the Decision. Put simply, the primary impact of *Jack Daniel's* is that the Decision should be reversed or at least vacated and remanded for further proceedings.

## II. APPELLEE NOW HAS NO BASIS FOR ARGUING THAT THE COUNTERCLAIMS ARE INSUFFICIENTLY PLEADED

An additional impact of *Jack Daniel's* is that it eliminated the only basis upon which Appellee asserted that the counterclaims were insufficiently pleaded. In its Answering Brief to affirm the Decision, Appellee insisted that "the traditional 'likelihood of confusion' test *should not be applied* when the only allegedly infringing use is in connection with the title of a . . . game, or other artistic or literary work . . . ." Answering Br. at 19 (emphasis added). Appellee presented no basis upon which to decide that, using a "traditional 'likelihood of confusion' test," Appellant's counterclaims should be dismissed as a matter of law. Instead, Appellee argued that trademark claims involving "titles of expressive works" are "consistently dismissed" under *Rogers*. *Id.* at 21 & n.3 (citing cases, including *Punchbowl, Inc. v. AJ Press*, LLC, 52 F.4th 109 (9th Cir. 2022)).

Appellee used the "shortcut to dismissal" that *Rogers* and the cases interpreting *Rogers* provided. After *Jack Daniel's*, that "shortcut" no longer exists. The additional impact *Jack Daniel's* has is that the "traditional 'likelihood of confusion' test" Appellee urged this Court to reject is in fact the test to be applied. Appellee has not demonstrated that Appellant's counterclaims are not sufficiently pleaded under a "traditional 'likelihood of confusion'" analysis, and for this additional reason, the Decision should be reversed, or vacated and remanded for further proceedings.

The *Punchbowl* case Appellee relied upon throughout its Answering Brief (*see id.* at 15, 21, 26, 29-31) provides a useful precedent. On November 14, 2022, this Court in *Punchbowl* affirmed the district court's grant of summary judgment in favor of the accused infringer by first determining that *Rogers* applied to the accused infringer's use of "Punchbowl" in the title of its online publication because such use was "sufficiently expressive to merit First Amendment protection." *Punchbowl*, 52 F.4th at 1098. This Court then affirmed the district court's decision that the accused infringer's mark could not be considered "explicitly misleading," as required under *Rogers*. *Id.* at 1101-03. However, on September 1, 2023, this Court issued the following order:

> In light of the Supreme Court's decision in *Jack Daniel's Properties, Inc. v. VIP Products, LLC*, 599 U.S. 140, 143 . . . , the decision in this case . . . is withdrawn. This matter will be set for re-argument via separate order.

*Punchbowl, Inc. v. AJ Press, LLC*, 78 F.4th 1158 (2023).

Similarly, in *Diece-Lisa Indus, Inc. v. Disney Store USA, LLC*, this Court, in August, 2023, remanded the case back to the district court for further proceedings in light of *Jack Daniel's*. *Diece-Lisa Industries, Inc. v. Disney Store USA, LLC*, No. 21-55816, 2023 WL 5541556 (9th Cir. Aug. 25, 2023). As in this case, *Diece-Lisa* also involved reverse confusion.

***

The centrality of *Rogers* to the Appellee's motion for judgment on the pleadings and the subsequent Decision cannot be overstated. However, the Supreme Court's decision in *Jack Daniel's* marked a return to first principles in cases involving trademarks where the marks at issue function, even in part, as source identifiers. In those cases, rather than applying *Rogers*, courts are now to return to analyzing likelihood of confusion because, when a trademark is used to designate the source of a product, such use "falls within the heartland of trademark law, and does not receive [the] special First Amendment protection" articulated in *Rogers* and its progeny. *Jack Daniel's*, 599 U.S. at 145. After *Jack Daniel's*, there is no "special First Amendment protection" that applies here to support the Decision or Appellee's motion for judgment on the pleadings.

# **CONCLUSION**

In light of the foregoing and for the reasons stated in its Opening Brief, Appellant respectfully requests: (A) that the Decision be reversed, or, in the alternative, vacated and this case remanded for further proceedings and (B) such other and further relief as this Court deems just and proper.

Dated: October 16, 2023                             Respectfully submitted,

                                             *Michael Cilento*
                                        _____
                                            Brett E. Lewis
                                           Roberto Ledesma
                                         Michael D. Cilento
                                           **LEWIS & LIN, LLC**
                                      77 Sands Street, 6th Floor
                                          Brooklyn, NY 11201
                                          Tel: (718) 243-9323
                                          Brett@iLawco.com
                                         Roberto@iLawco.com
                                         Michael@iLawco.com

                     *Attorneys for Appellant Warzone.com LLC*

# CERTIFICATE OF COMPLIANCE

**9th Cir. Case Number: 22-55831**

I am the attorney for Appellant Warzone.com LLC.

**This brief contains 1,992 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

[X] complies with the length limit designated by this Court's Order dated October 5, 2023.

Dated: October 16, 2023

Respectfully submitted,

*Michael Cilento*

Brett E. Lewis
Roberto Ledesma
Michael D. Cilento
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
Tel: (718) 243-9323
Brett@iLawco.com
Roberto@iLawco.com
Michael@iLawco.com

*Attorneys for Appellant Warzone.com LLC*