Case No. 22-55831

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WARZONE.COM, LLC,
*Appellant,*

v.

ACTIVISION PUBLISHING, INC.,
*Respondent.*

Appeal from the United States District Court for the Central District of California,
Case No. 2:21-cv-03073-FLA-JC

# SUPPLEMENTAL BRIEF OF APPELLEE
# ACTIVISION PUBLISHING, INC.

MITCHELL SILBERBERG & KNUPP LLP
Marc E. Mayer, mem@msk.com
Karin Pagnanelli, kgp@msk.com
Lindsay R. Edelstein, lre@msk.com
2049 Century Park East, 18th Floor
Los Angeles, California 90067
Tel: (310) 312-2000; Fax: (310) 312-3100

Attorneys for *Appellee*

# TABLE OF CONTENTS

                                                    **Page**

INTRODUCTION ................................................................................................ 1

I.     *JACK DANIEL'S* DOES NOT IMPACT THE DISTRICT COURT'S DECISION. ................................................................................................. 2

        A.    *Jack Daniel's* Did Not Involve, And Does Not Impact, Claims Involving Titles Of Expressive Works. ................................................. 2

        B.    Unlike VIP Products, Activision Did Not Use *Appellant's* Mark As Its Own Source Identifier. ............................................................... 6

CONCLUSION .................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

### CASES

*Caiz v. Roberts*,
   382 F. Supp. 3d 942 (C.D. Cal. 2019) ...................................................................................4

*Capcom v. MKR Grp.*,
   2008 WL 4661479 (N.D. Cal. Oct. 20, 2008) ....................................................................4, 6

*Dr. Seuss Enters. L.P. v. ComixMix LLC*,
   983 F.3d 443 (9th Cir. 2020) ...............................................................................................4

*Jack Daniel's Props., Inc. v .VIP Prods. LLC*,
   599 U.S. 140 (2023).......................................................................................................passim

*Jackson v. Netflix, Inc.*,
   506 F. Supp. 3d 1007 (C.D. Cal. 2020) ...............................................................................4

*Mattel v. MCA Records, Inc.*,
   296 F.3d 894 (9th Cir. 2002) .........................................................................................passim

*Mattel v. MCA Records, Inc.*,
   28 F. Supp. 2d 1120 (C.D. Cal. 1998) .................................................................................6

*MGFB Props., Inc. v. Viacom, Inc.*,
   54 F.4th 670 (11th Cir. 2022) ..............................................................................................4

*Punchbowl, Inc. v. AJ Press, LLC*,
   Case No. 21-55881 (9th Cir. 2023) .....................................................................................5

*Rebellion Devs. Ltd. Stardock Ent., Inc.*,
   2013 WL 1944888 (E.D. Mich. May 9, 2013) .................................................................4, 6

*Rogers v. Grimaldi*,
   875 F.2d 994 (2d Cir. 1989) ..........................................................................................passim

*Roxbury Ent. v. Penthouse Media Grp.*,
   669 F. Supp. 2d 1170 (C.D. Cal. 2009) ...............................................................................4

*Twentieth Century Fox Television v. Empire Distrib., Inc.*,
   875 F.3d 1192 (9th Cir. 2017) ......................................................................................2, 4, 6

**<u>Introduction</u>**

Pursuant to this Court's order of October 5, 2023, Appellee Activision Publishing, Inc. ("Activision") submits this brief to address if, and how, *Jack Daniel's Props., Inc. v .VIP Prods. LLC*, 599 U.S. 140 (2023), impacts this case.

This trademark infringement lawsuit arises from Activision's use of the common word "warzone" as part of the title of the 2020 installment of its popular *Call of Duty* video game franchise. Appellant Warzone.com, LLC is the maker of a browser-based computer board game titled "Warzone," and is among dozens of game makers, authors, filmmakers, and musicians who have used "Warzone" in the titles of their works. Applying the test articulated in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), the District Court dismissed Appellant's claims, holding that Activision's use was protected by the First Amendment. The District Court's decision was consistent with (and, indeed, mandated by) Ninth Circuit precedent.

The Supreme Court's decision does not impact this case or warrant remand. As Appellant admitted, *Jack Daniel's* involved facts and issues "markedly different" and "clearly distinct" from those presented in this lawsuit. *See* Appellant Response to Motion to Stay, Dkt. 22, ¶¶ 11, 12, 15. *Jack Daniel's* is (in the Supreme Court's own words) a "narrow" decision involving the deliberate use of a well-known trademark in connection with a consumer product (a dog toy resembling a Jack Daniel's bottle.) As such, *Jack Daniel's* did not purport to

1

overturn – and, in fact, cited with approval – long-standing precedent applying *Rogers* to claims involving titles of expressive works, including the cases relied on by the District Court. *Jack Daniel's* is particularly inapplicable when (as here) the title at issue is a common English word that has been selected by the defendant for its expressive value – not to trade off the goodwill of an existing brand. Any other conclusion would be illogical and would unduly limit First Amendment protection for expressive works.

As discussed below, this Court should apply its longstanding precedent to this case and affirm the District Court's decision.

## I. *JACK DANIEL'S* DOES NOT IMPACT THE DISTRICT COURT'S DECISION.

### A. *Jack Daniel's* Did Not Involve, And Does Not Impact, Claims Involving Titles Of Expressive Works.

In dismissing Appellant's claims, the District Court relied on the two-part *Rogers* test, as consistently adopted and interpreted by this Court in cases such as *Mattel v. MCA Records, Inc.,* 296 F.3d 894 (9th Cir. 2002) and *Twentieth Century Fox Television v. Empire Distrib., Inc.*, 875 F.3d 1192 (9th Cir. 2017).

Like this case, *Rogers* involved trademark infringement claims arising from the title of an expressive work (in that case, a movie title.) In holding that the First Amendment barred the plaintiff's trademark claims, the Court explained that "[t]itles, like the artistic works they identify, are of a hybrid nature, combining

artistic expression and commercial promotion. The title of a movie may be both an integral element of the film-maker's expression as well as a significant means of marketing the film to the public. The artistic and commercial elements of titles are inextricably intertwined." 875 F.2d at 998. In other words:

> Though consumers frequently look to the title of a work to determine what it is about, they do not regard titles of artistic works in the same way as the names of ordinary commercial products. Since consumers expect an ordinary product to be what the name says it is, we apply the Lanham Act with some rigor to prohibit names that misdescribe such goods. But most consumers are well aware that they cannot judge a book solely by its title any more than by its cover.

*Id.* at 1000 (internal citation omitted). The court thus held that trademark claims involving titles could not proceed "unless the title has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the title explicitly misleads as to the source or the content of the work." *Id.* at 999.

For more than two decades, this Court consistently has applied the *Rogers* test to trademark claims involving titles of expressive works. Most notably, in *Mattel*, this Court held that a song titled "Barbie Girl" would not infringe Mattel's "Barbie" trademark, because:

> A title is designed to catch the eye and to promote the value of the underlying work. Consumers expect a title to communicate a message about the book or movie, but they do not expect it to identify the publisher or producer… A title tells us something about the underlying work but seldom speaks to its origin[.]

296 F.3d at 902.

Subsequently, in *Empire*, 875 F.3d 1192, and *Dr. Seuss Enters. L.P. v. ComixMix LLC,* 983 F.3d 443 (9th Cir. 2020), this Court applied *Rogers* to affirm the dismissal of trademark claims arising from the title of a television series and picture book, respectively. In both cases, this Court acknowledged that titles of expressive works are different from brand names of ordinary consumer products and thus are entitled to protection from trademark claims.[1] The Eleventh Circuit recently came to the same conclusion. *See MGFB Props., Inc. v. Viacom, Inc.,* 54 F.4th 670 (11th Cir. 2022) (affirming dismissal of claims arising from "Floribama" in the title of an MTV series).

*Jack Daniel's* did not involve film, book, or video game titles. The case involved trademark claims arising from a **consumer product** brand. The product at issue (marketed as "Bad Spaniels") was a dog toy shaped like a Jack Daniel's whiskey bottle and which bore markings designed to resemble the distinctive Jack Daniel's label. In reversing this Court's ruling, the Supreme Court held that

---

[1] District Courts also consistently have applied *Rogers* to dismiss trademark claims involving titles (including game titles.) *See*, *e.g.*, *Rebellion Devs. Ltd. Stardock Ent., Inc.,* 2013 WL 1944888 (E.D. Mich. May 9, 2013) (video game titled "Rebellion"); *Jackson v. Netflix, Inc.*, 506 F. Supp. 3d 1007 (C.D. Cal. 2020) (television show "Tiger King"); *Caiz v. Roberts,* 382 F. Supp. 3d 942 (C.D. Cal. 2019) (record album "Mastermind"); *Capcom v. MKR Grp.*, 2008 WL 4661479 (video game "Dead Rising"); *Roxbury Ent. v. Penthouse Media Grp.,* 669 F. Supp. 2d 1170 (C.D. Cal. 2009) (film "Route 66"). The Supreme Court did not mention, far less purport to overrule, any of these decisions.

4

"*Rogers* does not apply when the challenged use of a mark is as a mark," 599 U.S. at 163, but clarified that its opinion "is narrow" and that "[w]e do not decide whether the *Rogers* test is ever appropriate, or how far the 'noncommercial use' exclusion goes." *Id.*

Most importantly, the Supreme Court did ***not*** purport to limit application of the *Rogers* test when claims involve the titles of expressive works. Just the opposite. The Court discussed and cited **with approval** *Rogers* and *Mattel*. *Id*. at 154. The Supreme Court even quoted *Rogers* for the proposition that "the titles of 'artistic works,' like the works themselves, have an 'expressive element' implicating 'First Amendment values.'" *Id.* at 153. The Supreme Court also reaffirmed *Mattel*, because the band's use of the word "Barbie" in its song title "did not 'speak[] to [the song's] origin.'" *Id.* at 154 (quoting *Mattel*, 296 F.3d at 902).[2]

In citing *Rogers* and *Mattel*, the Supreme Court implicitly reaffirmed that consumers "do not regard titles of artistic works in the same way as the names of ordinary commercial products." *Rogers*, 875 F.2d at 1000. Thus, its decision –

---

[2] The fact that Activision uses the term "warzone" as part of a title further distinguishes this case from other trademark infringement cases involving expressive works recently or currently before this Court. *See*, *e.g.*, *Punchbowl, Inc. v. AJ Press, LLC*, Case No. 21-55881 (9th Cir. 2023) (term "punchbowl" used as an overarching brand for various goods and services).

5

which involved an "ordinary commercial product" – does not and cannot foreclose the *Rogers* test from applying to cases (such as this one) involving two titles. Had it intended such a sweeping result (and to wipe away decades of authority) the Supreme Court would have stated as much, would not have cited *Rogers* and *Mattel*, and would not have emphasized the "narrow" scope of its decision. The Supreme Court thus left intact this Court's broad First Amendment protection for titles of expressive works.[3]

### B. Unlike VIP Products, Activision Did Not Use *Appellant's* Mark As Its Own Source Identifier.

*Jack Daniel's* also does not apply to this case because Appellant does not allege (and has never alleged) that Activision deliberately used *Appellant's* mark as its own. The circumstances at issue here – namely, the coincidental use of a

---

[3] Appellant's allegations that Activision used the "Warzone" title in marketing and promotion for its game does not bring this case into the narrow holding of *Jack Daniel's*. In both *Rogers* and *Mattel,* the defendants engaged in a wide variety of marketing activities related to their works, such as using photos of Ginger Rogers in advertising, 875 F.2d at 997, or using "Barbie Pink" in a music video, 28 F. Supp. 2d at 1152. As this Court noted in *Empire* (which was ***not*** addressed by the Supreme Court and remains good law), "works protected under [the *Rogers*] test may be advertised and marketed by name," because the "balance of First Amendment interests struck in *Rogers* and *Mattel* could be destabilized if the titles of expressive works were protected but could not be used to promote those works." 875 F.3d at 1197. Likewise, First Amendment protection should not be lost merely because such advertising or promotion results in the title acquiring secondary meaning. *See Rebellion,* 2013 WL 1944888, *3 ("The *Rogers* court itself recognized that the titles of literary and artistic works could acquire secondary meaning and become eligible for protection as trademarks."); *Capcom*, 2008 WL 4661479 (defendant registered a trademark for "Dead Rising.")

common English word in the titles of two expressive works – were not considered or addressed by the Supreme Court, and withdrawing First Amendment protection here would be antithetical to its analysis.

In *Jack Daniel's,* the Supreme Court focused on the "cardinal sin" of trademark law – namely, "to confuse consumers about source – to make [] them think that one producer's products are another's." 599 U.S. at 157. It noted that "that kind of confusion is most likely to arise when someone uses ***another's trademark*** as a trademark – meaning, again, as a source identifier – rather than for some other expressive function." *Id.* (emphasis added). In such cases, the Lanham Act's protection for trademarks outweighs free speech interests.

This is not such a case. In *Jack Daniel's*, VIP Products knowingly and deliberately appropriated a well-known brand and incorporated it into its own "Bad Spaniels" brand. Appellant, however, does not allege that Activision ever sought to trade off the goodwill of a brand that was identified with Appellant and its products. Instead, Appellant ***admits*** that Activision chose the common English word "warzone" ***not*** to confuse consumers, but "for some other expressive function" (*id.* at 157) – namely, because the game takes place in a warzone.

The Supreme Court did not intend to withdraw First Amendment protection from purely expressive uses of independently meaningful words in book, movie, or game titles merely because an earlier work has a similar title. The Supreme Court

7

left intact the bedrock principles expressed in *Mattel* that trademark owners do "not have the right to control public discourse whenever the public imbues [a] mark with a meaning beyond its source-identifying function" and that the First Amendment protects uses of words and phrases that "become… part of our vocabulary." *Mattel*, 296 F.3d at 900. If First Amendment protection were denied here, then every person or entity who used a common word in its book, movie, or game title could subject the author of a later work using such words in its title to costly trademark litigation. The chilling effect resulting from such a rule was not contemplated by the Supreme Court in its "narrow" decision.

## Conclusion

For the foregoing reasons, the Court should hold that *Jack Daniel's* does not impact this case or warrant remand, and should affirm the District Court's decision.

Respectfully submitted by,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
Marc E. Mayer (SBN 190969)
Karin G. Pagnanelli (SBN 174763)
*Attorneys for Appellee Activision Publishing, Inc.*

8

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Under Fed. R. App. P. 32(g)(1), I certify this Supplemental Brief complies with the type-volume limitation of this Court's order of October 5, 2023 (Dkt. 50), because this motion contains 1,998 words according to Microsoft Word's count, excluding the parts exempted by Fed. R. App. P. 32(f).

DATED: October 16, 2023    MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Marc E. Mayer
    Marc E. Mayer (SBN 190969)
    Karin G. Pagnanelli (SBN 174763)
    *Attorneys for Appellee*
    *Activision Publishing, Inc*
.